**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VLAD BONDARENKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00137 JSD |
| | ) | |
| CITY OF BRIDGETON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Vlad Bondarenko to proceed in the district court without prepaying fees and costs. The Court will grant the application and waive the filing fee. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court will order the Clerk of Court to issue process as to defendant Officers Joshua D. Bauer and William Soppe in their individual capacities. The Court will dismiss without prejudice plaintiff's claims brought against these defendants in their official capacities, and dismiss without prejudice defendants the City of Bridgeton and the Bridgeton Police Department.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and

common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**The Amended Complaint**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and Missouri state law, alleging officers from the Bridgeton Police Department subjected him to an unlawful search and seizure during a traffic stop on June 30, 2023. He  names as defendants the City of Bridgeton, the Bridgeton Police Department, Officer Joshua D. Bauer, and Officer William Soppe. He sues Officers Bauer and Soppe in both their individual and official capacities.

Plaintiff states that on June 30, 2023 at approximately 1:00 p.m., he was driving his car and observing all traffic laws. He was stopped by a Bridgeton police patrol car driven by defendant Officers Bauer and Soppe. He states that he immediately complied with the officers' instructions, providing them his driver's license, vehicle registration, and proof of insurance. He also told the officers that he suffered from photophobia, a medical condition causing him to be sensitive to light. He handed them a medical letter to substantiate this condition.

Plaintiff states that without any legal justification, probable cause, or warrant, and despite his full compliance with their instructions, Officer Soppe forcibly and abruptly opened plaintiff's

- 2 -

car door. Following this forced entry, the officers searched plaintiff's vehicle without his consent, a warrant, and absent probable cause.

Plaintiff alleges that these officers conduct is "indicative of a larger problem within the City of Bridgeton and the Bridgeton Police Department." He alleges that the City and the Department fail to adequately train, supervise, and control their officers, constituting a policy or custom of permitting these violations of civil rights.

Plaintiff states that he experienced acute emotional and psychological distress and had a panic attack at the scene. He alleges that he still suffers ongoing symptoms of anxiety, sleep disturbances, and a pervasive sense of vulnerability. For relief, plaintiff seeks a declaratory judgment declaring the actions of defendants violated plaintiff's Fourth Amendment rights and several Missouri statutes. He also seeks compensatory damages of more than $100,000 and an unspecified amount of punitive damages.

## Discussion

### *(1)   Defendant Officers Bauer and Soppe*

The Fourth Amendment guarantees the right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. Under the Fourth Amendment, searches conducted without a warrant are per se unreasonable, "subject only to a few specifically established and well-delineated exceptions." *United States v. Goodwin-Bey*, 584 F.3d 1117, 1119 (8th Cir. 2009).

One of these exceptions "permits the warrantless search or seizure of a vehicle by officers possessing probable cause to do so." *Cronin v. Peterson*, 982 F.3d 1187, 1197 (8th Cir. 2020); *see also United States v. McGhee*, 944 F.3d 740, 742 (8th Cir. 2019) (explaining that the "automobile exception" allows "an officer to legally search a vehicle if he has probable cause"); *United States v. Grooms*, 602 F.3d 939, 942-43 (8th Cir. 2010) (explaining that one of the "well-delineated exceptions [to the Fourth Amendment] is the warrantless search of vehicles," which "authorizes a

search of any area of the vehicle in which evidence might be found"). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017) (quoting *United States v. Wells*, 347 F.3d 280, 287 (8th Cir. 2003)).

Here, plaintiff was pulled over because his license plates had expired. He states that he complied with all of the officers' requests, including providing them his license, registration, and insurance. Despite this, the officers searched plaintiff's vehicle without his consent. Viewed in the light most favorable to plaintiff, the Court finds that he has stated a plausible claim for an unlawful search of his vehicle under the Fourth Amendment against Officers Bauer and Soppe in their individual capacities. The Court will Order service on these officers.

The Court will dismiss without prejudice plaintiff's claims brought against Officers Bauer and Soppe in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). As discussed below (see Part 2, *infra*), the Court finds plaintiff has not stated a plausible claim of municipal liability against the City of Bridgeton or the Bridgeton Police Department. Therefore the Court will dismiss plaintiff's official capacity claims against the individual defendants Bauer and Soppe.

> (2)     *Defendants the City of Bridgeton and the Bridgeton Police Department*

Plaintiff has also stated that these officers' actions are indicative of a failure to train in the City of Bridgeton and in the Bridgeton Police Department. Plaintiff states, "This incident exemplifies the City's and the Department's failure to adequately train, supervise, and control their officers, constituting a policy or custom of permitting violations of constitutional rights." (Am. Compl. at ¶ 21). Other than citing his own incident involving these two officers, plaintiff alleges no facts that would show that these officers conduct was caused by a failure to train or supervise.

A plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). As with an unconstitutional custom, a "failure to train or supervise must be the moving force behind the constitutional violation." *See Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019).

Plaintiff has not alleged that the City or the Department had notice of any inadequate procedures. He has not alleged any pattern of constitutional violations by untrained employees. He has alleged nothing but the bare bones assertion that these officers' conduct resulted from a failure to train and supervise, which was allegedly the policy and custom of the City and Department. These types of assertions are not sufficient to state a plausible claim for failure to train and supervise. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does

- 5 -

a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'")
(internal citations omitted).

For these reasons, the Court finds plaintiff has not stated a plausible claim against the City
of Bridgeton or the Bridgeton Police Department for failure to train or supervise. The Court will
dismiss these claims for failure to state a claim upon which relief may be granted.

**Motion for Appointment of Counsel**

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this
time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed
counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint
counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous
claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit
from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When
determining whether to appoint counsel for an indigent litigant, a court considers relevant factors
such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the
existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.
*Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not
warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his
claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be
complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court
without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the complaint as to defendants Joshua D. Bauer and William Soppe in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Joshua D. Bauer and William Soppe in their official capacities are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants the City of Bridgeton and the Bridgeton Police Department are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

An Order of Partial Dismissal will accompany Memorandum and Order.

Dated this 16th day of  May, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE