## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VLAD BONDARENKO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:24-cv-00137-JSD |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA BAUER and WILLIAM SOPPE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Vlad Bondarenko filed his Amended Complaint against Defendant Joshua D. Bauer and Defendant William Soppe ("Defendants") on January 29, 2024 [ECF No. 5]. On August 20, 2024, Plaintiff filed a Motion for Default Judgment for failure to respond to his complaint [ECF No. 14]. On August 23, 2024, the Clerk of Court entered an Entry of Default, stating that the summons had been served on Defendants on July 22, 2024, and that they had failed to file an answer or other responsive pleading in the time required by Federal Rule 12 [ECF No. 15]. On August 28, 2024, Counsel filed his entry of appearance on behalf of Defendants [ECF No. 16].

This matter is before the Court on Defendants' Motion to Set Aside Default Judgment ("Defendants' Motion") [ECF No. 19]. In their Motion, Defendants ask this Court to set aside the default judgement entered against them on August 23, 2024, asserting that they were not personally served with copies of the Summons and Complaint, that Plaintiff did not file a Return of Summons indicating that Defendants had been personally served, and that Defendants, through no fault of their own, were not aware that counsel was not assigned to represent them until August 28, 2024. *Id.*

On September 3, 2024, Plaintiff filed his Response to Defendants' Motion to Set Aside Default Judgment and Plaintiff's Motion to Strike Defendants' Motion, seeking a denial of Defendants' Motion and asking this Court to strike Defendants' Motion [ECF No. 20]. Specifically, Plaintiff argues that Defendants were properly served and that there is not a proper basis for setting aside the default judgment.

Upon this Court's review of the summons, it appears that Defendants Bauer and Soppe were not properly served. Indeed, Defendants Bauer and Soppe are named in their individual capacities.  As such, they must be served in accordance with Federal Rule 4(e) ("Rule 4(e)"). *See Lebon v. Scanlon*, No. 4:13-CV-256-TIA, 2013 WL 5291771, at *1 (E.D. Mo. Sept. 19, 2013) ("the Court finds that defendant Thomas Scanlon was not served in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual or a government official named in his or her individual capacity"). Rule 4(e)(2) provides:

> an individual…may be served…by…(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Defendants Bauer and Soppe were not served personally; they were not served at their dwellings or places of abode; and service was not effectuated on an agent authorized to accept service of process for them. *See* Fed. R. Civ. P. 4(e)(2). Instead, Plaintiff attempted service upon Defendants by serving Sergeant Lucia at the Bridgeton Police Department, which is Defendants' place of employment. [ECF Nos 10, 11]. Undeniably, however, serving a coworker like Sergeant Lucia at Defendants' place of employment is not authorized service under Rule 4(e). Thus, the Court holds that service on Sergeant Lucia was not effective service on Bauer or Soppe under

Federal Rule 4(e). *See Marshall v. Warwick,* 155 F.3d 1027, 1030 (8th Cir. 1998) ("[L]eaving a copy of the summons at the defendant's place of employment, when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process."); *See also Cheeks v. Belmar,* 331 F.R.D. 499, 506 (E.D. Mo. 2019); *see also Zaritz v. Vest,* No. 2:24-CV-00018 AGF, 2024 WL 2975748, at *2 (E.D. Mo. June 13, 2024) ("Service must be personal, and it is not proper if served on a coworker or supervisor."). Therefore, the Court grants Defendants' Motion and vacates the previous Entry of Default because Defendants Bauer and Soppe have not been properly served.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment [ECF No. 14] is **DENIED.**

**IT IS FURTHER ORDERED** that this Court's August 23, 2024, Entry of Default [ECF No. 15] is **VACATED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Set Aside Default Judgment [ECF No. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Response to Defendants' Motion to Set Aside Default Judgment and Plaintiff's Motion to Strike Defendants' Motion [ECF No. 20] is **DENIED**.

**IT IS FINALLY ORDERED** that Defendants shall have up to and including **September 24, 2024**, to respond to Plaintiff's Complaint.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 3rd day of September, 2024.

- 3 -